UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LORN RICE,

      Plaintiff,                        Case No. 13-cv-12456

v.                                  HONORABLE STEPHEN J. MURPHY, III

WAYNE COUNTY TREASURER, et al.,

      Defendants.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION
(document no. 41), **AND GRANTING DEFENDANT ROBINSON AND
DEFENDANT SMITH'S MOTIONS TO DISMISS** (document nos. 17 and 20)

This is an action by pro se plaintiff Kim Lorn Rice against multiple defendants arising from what Rice claims was a wrongful foreclosure of his property. After eviction and foreclosure proceedings occurred in Michigan state court, Rice brought the instant action in this Court challenging the foreclosure and alleging a conspiracy among several parties to deprive Rice of his property. Included among the defendants are Wayne County Circuit Court Judge Virgil Smith, Jr., who initially upheld the foreclosure action, and 36th District Court Judge David Robinson, who signed the judgment of possession.

On July 26, 2013, Judge Robinson moved to dismiss. On August 2, 2013, Judge Smith also moved to dismiss. The Court referred all pretrial proceedings to a magistrate judge for resolution or report and recommendation. On October 10, 2013, the magistrate judge filed a Report and Recommendation ("Report") that recommended granting the motions and dismissing the action against Judge Robinson and Judge Smith.[1]

_____

[1] Rice filed an objection on October 29, 2013. A party has fourteen days to file an objection to a Report. *See* 28 U.S.C. § 636(b)(1). Rice's objection is untimely, and the Court will not consider it.

The Report concluded that the Court has no subject-matter jurisdiction over the actions because Rice's allegations, construed in the light most favorable to him, do not allege actions by Judge Robinson or Judge Smith that the Court may review. The Report found that the "source of [Rice's] claims against Judges Smith and Robinson are their judicial decisions." Report 8, ECF No. 41. Rice's claims ultimately depend on a determination "that Judge Smith's and Judge Robinson's rulings were improper." *Id.* at 9. Therefore, because "any relief in this action could 'only be predicated upon a conviction that the state court proceeding was wrong,'" *id.* (quoting *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 756 (2003)), the *Rooker-Feldman* doctrine prevents the Court from hearing the claims. *Id.* at 8 (citing *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (holding that under *Rooker-Feldman*, "lower federal courts lack subject matter jurisdiction to review the decisions of state courts."). The Report concluded the Court should grant Judge Robinson and Judge Smith's motions to dismiss.[2]

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendants filed timely objections, de novo review of the Report's conclusions is not required. Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own

---

[2] The Report also concluded Judge Smith and Judge Robinson's motions may be granted on the grounds that they are entitled to Eleventh Amendment sovereign immunity and absolute judicial immunity, or that the complaint fails to state a claim. Report 11, 14. Because the Court accepts the Report's *Rooker-Feldman* conclusion, the Court does not need to further discuss the immunity or failure to state a claim conclusions.

initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings and grant Defendant Robinson and Defendant Smith's motions to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (document no. 41) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Robinson's Motion to Dismiss (document no. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Smith's Motion to Dismiss (document no. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendants Robinson and Smith are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 1, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 1, 2013, by electronic and/or ordinary mail.

Carol Cohron

3

Case Manager