UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LORN RICE,

    Plaintiff,

v.

WAYNE COUNTY TREASURER,
RAYMOND WOJTOWICZ,
DAVID SZYMANSKI, RICHARD G. STANLEY,
CHIEF JUDGE VIRGIL SMITH,
JUDGE DAVID ROBINSON, METRO PROPERTIES,
and LORYN FRABUTT,

    Defendants.

Case No. 13–12456

Hon. Stephen J. Murphy, III
Mag. Judge Laurie J. Michelson

_____/

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [29]

This is a civil rights action brought by *pro se* Plaintiff Kim Lorn Rice ("Plaintiff") arising out of a property tax foreclosure. All pre-trial proceedings have been referred to this Court. (Dkt. 21.) Presently before the Court is Plaintiff's Motion for Default Judgment. (Dkt. 29.) Plaintiff contends that certain Defendants have failed to file a timely answer to his Amended Complaint.[1] No defaults, however, were ever entered and all Defendants ultimately filed an answer or motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which constitutes a response to the Amended Complaint. Accordingly, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED**.

---

[1] While Plaintiff filed his initial Complaint on June 5, 2013 (Dkt. 1), he subsequently filed an Amended Complaint on June 13, 2013 (Dkt. 8).

**I.     BACKGROUND**

As a result of unpaid property taxes, Defendant Wayne County Treasurer foreclosed on property in Detroit, Michigan that had been deeded to Plaintiff. Despite Plaintiff's claim that he sent the Treasurer payment for the back taxes, the foreclosure was upheld by Wayne County Circuit Court Chief Judge Defendant Virgil C. Smith, Jr. ("Smith"). The property was subsequently sold to Defendant Metro Properties Management ("Metro Property"), which brought eviction proceedings against Plaintiff in 36th District Court. Defendant Judge David Robinson ("Robinson") signed the Judgment of Possession in favor of Metro Property.

On June 13, 2013, Plaintiff filed an Amended Complaint alleging that the Wayne County Treasurer, Metro Property, and Judges Robinson and Smith conspired to deprive him of his constitutional rights. (Dkt. 8, Am. Compl.) He also alleges state-law claims and violations of various criminal statutes. (*Id*.) On August 2, 2013, Judge Smith filed a motion to dismiss in lieu of an Answer. (Dkt. 20.) On July 18, 2013, the Wayne County Treasurer Defendants (Wojtowicz, Szymanski, and Stanley) filed an Answer to the Amended Complaint. (Dkt. 16.) They subsequently filed a Motion to Dismiss on September 6, 2013. (Dkt. 27)

On September 10, 2013, Plaintiff filed the Motion for Default Judgment against Defendants Smith, Wojtowicz, Szymanski, and Stanley now before the Court. (Dkt. 29.) Plaintiff contends that these Defendants "have not answered the complaint as prescribed in the Federal Rules of Civil Procedure 12(a)(1)(A)(i)," which provides that a defendant must serve an answer within 21 days after being served with the summons and complaint. (*Id*. at 2.)

**II.    ANALYSIS**

As a threshold matter, on November 1, 2013, District Judge Stephen J. Murphy, III, adopted

2

this Court's report and recommendation to grant Defendant Smith's Motion to Dismiss and dismissed Smith from the case. Thus, Plaintiff's request for a default judgment against Smith is moot.

As to the three Wayne County Treasurer Defendants, the docket reflects that they were served with the Amended Complaint on July 21, 2013 and thus, an answer or responsive motion was due by July 12, 2013. (Dkts. 9-11; Mot. for Def. J. at Ex. A.) As noted, these Defendants did not file their Answer until July 18, 2013. (Dkt. 16.) This six-day delay appears to be the basis for Plaintiff's request for a default judgment. But Plaintiff did not seek, nor did he obtain, entry of a default under Fed. R. Civ. P. 55(a). This is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *Hickman v. Burchett*, No. 07-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." (internal quotation marks omitted, collecting cases)). Because no default has ever been entered against the Wayne County Treasurer Defendants, "Plaintiff's motion for default judgment is not properly before this court." *Meier v. Green*, No. 07-CV-11410, 2007 U.S. Dist. LEXIS 43058, at *10 (E.D. Mich. June 14, 2007).

Additionally, as mentioned, the Wayne County Treasurer Defendants have now filed an Answer as well as a Motion to Dismiss.

**III.    CONCLUSION**

Accordingly, based on the procedural deficiencies discussed above, this Court RECOMMENDS that Plaintiff's Motion for Entry of Default Judgment (Dkt. 29) be **DENIED**.

**IV.    FILING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2014.

        s/Jane Johnson
        Deputy Clerk