UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LORN RICE,

      Plaintiff,                          Case No. 13-cv-12456

v.                                    HONORABLE STEPHEN J. MURPHY, III

WAYNE COUNTY TREASURER, et al.,

      Defendants.

_____/

**ORDER OVERRULING OBJECTIONS** (document no.
46)**, ADOPTING REPORT AND RECOMMENDATION
FOR MOTION FOR DEFAULT JUDGMENT** (document no. 44)**,
AND DENYING MOTION FOR DEFAULT JUDGMENT** (document no. 29)

This is an action brought by pro se plaintiff Kim Lorn Rice against Wayne County Treasurer officials Raymond Wojtowicz, David Szymanski, Judge Virgil Smith of Michigan's Third Circuit Court, Judge David Robinson of Michigan's 36th Judicial District, and Loryn Frabutt. Rice alleges Defendants conspired to deprive him of his constitutional rights, along with various state law claims, regarding a tax foreclosure filed by the Wayne County Treasurer on a property deeded to Rice. The Court referred the matter to a U.S. Magistrate Judge. On February 28, 2014, the magistrate judge filed a Report and Recommendation ("Report") that recommended denying Rice's motion for default judgment. Rice filed an objection to the Report.

Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 does not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 1622897 (E.D. Mich. May 9, 2012). After examining the record and

considering Rice's objections de novo, the Court concludes that the objections have no merit. Accordingly, the Court will overrule the objections, adopt the Report, and deny the motion for default judgment.

## STANDARD OF REVIEW

Reports and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *Raddatz*, 447 U.S. at 674. Rice's objections will be reviewed de novo; the remainder of the Report does not require de novo review.

## DISCUSSION

On September 9, 2013, Rice filed a motion for default judgment against Defendants. ECF No. 29. The Report and Recommendation to the Motion to for Default Judgment ("Report I") recommended denying the motion on the grounds that, although some of the defendants did not file their answer or responsive motion to the amended complaint precisely on time, Rice never sought or obtained an entry of default as required by Civil Rule 55. Default Judgment Report 3, ECF No. 44 (citing *Meier v. Green*, No. 07-11410, 2007 WL 1725383, at *3 (E.D. Mich. June 14, 2007)).

In his objection, Rice argues largely with the Report's characterization of the background of the case, disputes the dismissal of Judge Virgil Smith from the action, and argues that because the remaining defendants were late with their answers, Rice's motion for default judgment should nevertheless be granted. Objection to Default Judgment Report ("Objection I") 3-4, ECF No. 46.

First, Rice's factual disputes do not affect the ultimate conclusion that Rice cannot file a motion for default judgment. Second, with respect to the dismissal of Smith, Rice cannot relitigate the dismissal in an objection to an entirely different report and recommendation.

Finally, Rice's objection, in substance, argues that his motion for default judgment should have been interpreted as a motion for the entry of default. He cites the principle that a pro se litigant's pleadings should be liberally interpreted, and insinuates the Court is unfairly treating him by denying his motion. Rice is correct that, as a pro se litigant, his pleadings are held to a less stringent standard than formal pleadings made by lawyers, and the Court must liberally construe the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this less stringent standard does not excuse a pro se litigant's failure to comply with mandatory, clear procedural deadlines. *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The fact Rice did not enter default in time, and now cannot move for default judgment, is how the procedural rules operate. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003) ("An entry of default is distinct from entry of a default judgment."). Accordingly, the Court will overrule the objection, adopt the Report, and deny Rice's motion for default judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Report and Recommendation regarding the Motion for Default Judgment (document no. 44) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Rice's objection (document no. 46) is **OVERRULED**.

**IT IS FURTHER ORDERED THAT** Rice's motion for default judgment (document no. 29) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 11, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager