UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM LORN RICE,

      Plaintiff,                                 CASE NO. 13-cv-12456

v.                                         HONORABLE STEPHEN J. MURPHY, III

DAVID WOJTOWICZ, et al.,

      Defendants.

_____/

**ORDER GRANTING MOTION TO EXTEND** (document no. 47),
**OVERRULING OBJECTION** (document no. 48), **ADOPTING
REPORT AND RECOMMENDATION IN PART** (document no. 45),
<u>**GRANTING MOTION TO DISMISS**</u> (doument no. 27) **AND DISMISSING CASE**

      Pro se plaintiff Kim Lorn Rice brought this 42 U.S.C. § 1983 action against Wayne County Treasurer officials Raymond Wojtowicz and David Szymanski, Judge Virgil Smith of Michigan's Third Circuit Court, Judge David Robinson of Michigan's 36th District Court, and Loryn Frabutt of Metro Property Group, LLC. Rice alleges that the defendants conspired to deprive him of his constitutional rights, along with various state law claims, regarding a state tax foreclosure. The Court referred the matter to a magistrate judge. Several of the defendants moved to dismiss. On March 11, 2014, the magistrate judge filed a Report and Recommendation ("Report") that recommended granting the motion and dismissing the case. Rice filed an objection to the Report.

Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72. The Court has reviewed the Report and considered Rice's objections.  The Court grants the defendants' motion to dismiss, though on slightly different grounds than the magistrate recommended.

## BACKGROUND[1]

In October of 2009, Rice purchased a house at a Wayne County tax auction.[2] The following month, he received a deed to the property and moved into the house.  All was well until about a year later, when the Wayne County Treasurer's Office sent him a Notice of Property Tax Delinquency. The Notice said that the "2009 property taxes for the listed property remain unpaid." Am. Compl., ECF No. 8 Ex. I.

A year later, in 2011, the Wayne County Treasurer filed a petition in the Third Circuit Court. He wanted to foreclose on the property because the 2009 taxes were still unpaid. The Circuit Court held a hearing. Before the hearing began, Rice saw the Deputy Treasurer, Defendant David Szymanski. He asked why he was required to pay 2009 taxes when he did not have a deed or possession of the house until November. Szymanksi responded that he should not have to pay taxes for that year, and told Rice to "send or email him the documents and he would handle it." *Id.* ¶ 3. Rice then left the hearing to find the documents, and thereby "missed the opportunity to dispute the validity of the tax" by following Szymanski's direction. *Id.* ¶ 4.

---

[1] The magistrate's Report contains a more detailed recitation of the facts.

[2] LGR Trust actually purchased the house, and then deeded it to Rice later.  The distinction does not matter here.

A few weeks later, Rice emailed Szymanski the requested documents. Szymanski read them and responded: "The terms of sale specifically indicate that you are responsible for the 2009 taxes." *Id.* at Pg ID 119. He further stated that he would give Rice 90 days to pay the taxes. Three weeks later Yvett Gray—Rice's notary acceptor—sent a certified check for the delinquent amount to the Wayne County Treasurer. The fate of the check is unknown. Someone at the Treasurer's Office accepted it. Am. Compl. Ex. K. Yet, the check was never cashed and the amount never credited towards Rice's taxes. Because the taxes remained unpaid, the Treasurer foreclosed on the house.

Rice filed a petition in the Wayne County Circuit Court to set aside the foreclosure. There was a hearing on November 16, 2012; the judge denied the petition. He filed a motion for reconsideration that was denied in December 2012. His appeal by right was denied as untimely. Metro Property, a real estate firm, purchased the property at an auction in September of 2012, and was granted possession of the property on January 16, 2013.

Rice then filed this suit, claiming that a host of defendants conspired to steal his house. He sought relief based on constitutional violations and related state law torts. The Court dismissed two defendants, Judge Robinson and Judge Smith. The state-government defendants then filed the current motion to dismiss.

## STANDARD OF REVIEW

Under Civil Rule 12(b)(1), "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). When considering a jurisdictional attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citations

omitted). The Court determines if it has jurisdiction before moving on to the merits of the case, or deciding any other issues. *Moir*, 895 F.2d at 269.

The Court may only grant a Civil Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient to raise a right to relief above the speculative level, and to state a claim to relief that is plausible on its face." *Henley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (internal citation and quotation marks omitted). In evaluating the motion, the Court presumes the truth of all well-pled factual assertions. *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2006). Moreover, it must draw every reasonable inference in favor of the non-moving party. *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

### DISCUSSION

Defendants put forth various reasons why the Court should dismiss the case. The Court here reviews only two of those grounds. First, the defedants contend that the Court does not have subject matter jurisdiction under the *Rooker-Feldman* doctrine. Second, they argue that Rice already fully litigated this case in state court, and that issue preclusion therefore applies. Because the Court finds that the federal claims are barred by issue preclusion, it will dismiss the case.

I.   Subject Matter Jurisdiction

United States district courts do not have the power to review or modify state court judgments. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), a party asked a district court to nullify a state court judgment, arguing that the ruling was premised on an unconstitutional law. The Supreme Court held that "no court of the United States other than

4

this court could entertain a proceeding to reverse or modify the judgment." *Id.* at 416. Similarly, in *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the D.C. bar examiner denied Feldman's bar application. Feldman filed suit in federal court, arguing that the denial of his application was unconstitutionally arbitrary. The Supreme Court held that only it could review the constitutionality of a bar examiner's denial of a particular application. *Id.* at 486–87.

District courts have jurisdiction over claims that are independent from state court judgments, even if that claim "denies a legal conclusion that a state court has reached in a case to which he was a party." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). For example, in *McCormick v. Braverman*, the plaintiff sued multiple defendants, alleging that they falsely testified and committed fraud during a state court probate proceeding. 451 F.3d 382, 388 (6th Cir. 2006). She sought monetary damages. *Id.* The district court thought the *Rooker-Feldman* doctrine applied and dismissed the case. The Sixth Circuit reversed, explaining that the plaintiff "asserts *independent claims* that those state court judgments were procured by certain Defendants through fraud, misrepresentation, or other improper means." *Id.* at 392 (italics in original). Thus, the plaintiffs' injuries were caused by the defendants' "alleged wrongdoing before the state court," not the state court judgment. *Id.* at 393. Similarly, in *Kovacic v. Cuyahoga Cnty. Dep't of Children and Family Servs.*, 606 F.3d 301 (6th Cir. 2010), the court held that the district court had jurisdiction where the plaintiffs "d[id] not seek review or reversal of the decision of the juvenile court," but "instead focus on the conduct of Family Services and of the social workers *that led up to* the juvenile court's decision." *Id.* at 310 (italics in original). The court further noted that they sought "compensatory damages for alleged

5

unconstitutional conduct by a government agency, not injunctive or other equitable relief." *Id.; see also Brown v. First Nationwide Mortg. Co.,* 206 Fed.Appx. 436, 439–40 (6th Cir. 2006) (holding that mortgagor's claims against individuals involved in mortgage foreclosure proceedings not barred and that source of injury was defendants' conduct independent from foreclosure decree itself).

Here, the Court has jurisdiction over Rice's constitutional claims. As in *Kovacic* and *McCormick*, Rice is seeking monetary damages against third parties for lying and committing fraud during a state court proceeding. Unlike in *Rooker* or *Feldman,* he is not seeking an injunction or other equitable relief—he is not asking for his house back, or requesting the court nullify the state court tax foreclosure.[3] The injury derives from the defendants' conspiracy to steal his house—not the state court ruling. The Court can remedy that injury through monetary damages without revising or nullifying the state court judgment. Accordingly, the Court has jurisdiction over the constitutional claims.

In support of their position that *Rooker-Feldman* applies, Defendants cite cases in which the plaintiff asked a federal court to enjoin enforcement of a state court judgment.[4]

---

[3] Rice is not entirely clear about what relief he seeks. At one point he asks for "replevin regarding the subject property." Am. Comp. at 5. Under the constitutional counts, however, he asks only for monetary damages. To reiterate, the Court does not have jurisdiction to grant Rice replevin of the property. The Court does have the power to award monetary relief, which does not impact the validity of the foreclosure judgment.

[4] *See, e.g., Givens v. Homecomings Fin.,* 278 Fed. Appx. 607, 609 (6th Cir. 2008) ("[T]he primary relief that Givens requests in his complaint is a temporary injunction that would enjoin Defendants from physically entering onto plaintiff[']s property and that would dispose of any other civil or procedural action regarding the subject property."); *Anderson v. Cnty. of Wayne,* No. 10-13708, 2011 WL 3438337 at *1 (E.D. Mich. Aug. 5, 2011) ("[I]n their prayer for relief, Plaintiffs seek a judgment from this Court: (1) Quieting Legal Title in the foreclosed properties in them; (2) Vacating any foreclosure judgment issued against them in state court; and (3) Entering a written payment plan requiring

But because Rice's constitutional claims do not seek an injunction or revision of the state court order, those cases are inapposite.

Similarly, the magistrate judge stated that the claims are barred because they "succeed only to the extent that the state court wrongly decided the issue before it." Report at 8. The Supreme Court has stated, however, that federal courts have jurisdiction over claims that necessarily "den[y] a legal conclusion that a state court has reached in a case to which [plaintiff] was a party." *Exxon Mobil*, 544 U.S. at 293 (citations omitted). Furthermore, the Sixth Circuit has specifically disavowed prior holdings that *Rooker-Feldman* bars claims that require a ruling that is inconsistent with the state court's judgment. *See McCormick,* 451 F.3d at 391 (stating that *Exxon Mobil* narrowed this expansive definition of the doctrine). Thus, the Court has jurisdiction over claims seeking monetary damages against third parties for illegally manipulating a state court proceeding.

II.   Issue Preclusion

Once a court has resolved an issue between two parties, that court's determination is final: The same parties may not re-litigate the same issues in later cases. Here, the question is whether a Michigan court has authoritatively determined that the defendants did not violate Rice's constitutional rights.

Because the tax foreclosure proceeding occurred in a Michigan state court, this Court applies Michigan preclusion rules. 28 U.S.C. § 1738. Michigan has three requirements for issue preclusion to apply. First, "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment." *McCormick*, 451 F.3d

---

Plaintiffs to resolve their delinquent taxes.").

at 397 (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682–83 (2004)). Second, "the same parties must have a full and fair opportunity to litigate the issue." *Id.* Finally, "there must be mutuality of estoppel." *Id.*

### A. The State Court Entered A Final Judgment That The Tax Foreclosure Complied With Due Process

A question of fact is actually litigated where the parties submit the same evidence and the same arguments in both the first and second proceedings. *See Gilbert v. Ferry,* 413 F.3d 578, 581 (6th Cir. 2005). Here, Rice presented the same claims, using the same arguments, to the Wayne County Circuit Court. At the November 16, 2012 motion hearing, Rice argued that "when [he] spoke to the Deputy Treasurer to find out where I needed to go to actually speak . . . [The Treasurer] said I did not need to go before the judge . . . And that if I just sent the information to him he can take care of it." ECF 20-2, at 6.  He supported this argument by reference to the emails he exchanged with the Treasurer. *Id.* He further argued that he mailed the Treasurer the 2009 taxes. *Id.* at 8. In support, he presented a receipt "from the Postal Service showing that the Treasurer has received [the check]." *Id.* He also stated, however,  that the money "wasn't taken out of my account." *Id.* at 12.  The Circuit Court heard these arguments and found them wanting. It entered an order stating that the "Defendant has not been deprived of due process." ECF 20-3.

Rice then filed a motion for reconsideration. He presented an affidavit where "the affiant states that she mailed to the Wayne County Treasurer by certified check . . . to pay for the delinquent taxes." ECF 20-5, at 3. Furthermore, he argued that the Deputy Treasurer "indicated it was unnecessary for Kim Lorn Rice to attend the foreclosure hearing" because "Rice would not be responsible for the 2009 taxes and that he would

8

handle the situation." *Id.* at 5. Rice "allege[d] that the statements made by the Deputy Treasurer deprived him of due process." *Id.* The court rejected these arguments, finding that the "taxes remain unpaid." *Id.* at 4. It further stated that Rice "was afforded due process by being provided notice of the judicial hearing by certified mail, by a personal visit, by posting a notice on the property, and by publication in a newspaper." *Id.* at 6.

Rice presents the same arguments and evidence to this Court. He alleges that the Deputy Treasurer misled him into not showing up for his tax foreclosure hearing. Am. Compl. ¶ 3. And he provides evidence of a certified check sent to the Treasury. *Id.* at ¶ 12. As in the state court proceeding, there is no evidence the money was taken out of his account. Rice argues, based primarily on these facts, that the defendants conspired to deny him due process. As explained above, the Wayne County Circuit Court heard and rejected these arguments. It did so in a final judgment that necessarily depended on a finding of no due process violation.  Accordingly, the first factor is satisfied.

B.  Rice Fully Litigated The Constitutionality Of The Tax Foreclosure

Michigan Courts examine the First Restatement of Judgments, Sections 28–29 when determining if the parties had a full and fair opportunity to litigate the contested issue. *Monat,* 469 Mich. at 683. These factors show that Rice had the chance to fully litigate his claim that the tax foreclosure violated due process. Rice had the opportunity to appeal the judgment of the Circuit Court. *See id.* at 685 ("[T]he 'full and fair opportunity to litigate' normally encompasses the opportunity to both litigate and appeal."); Restatement (First) Judgments § 28(1). That he failed to timely appeal does not render the judgment any less full and fair. *Monat,* 469 Mich. at 685 (finding prior judgment entitled to preclusive effect, even though plaintiff waived appeal).

9

Furthermore, there is no indication that Rice had to satisfy a higher burden of persuasion in the state court than in this case. Restatement (First) Judgments § 28(4). Nor does this court afford Rice procedural advantages that would likely impact the outcome of the dispute. *Id.* § 29(2). And no other court has issued an opinion inconsistent with the state court's judgment. *Id.* § 29(4).

Finally, Rice was motivated to litigate the question of due process fully: if he did not show that the tax foreclosure was unconstitutional, he would lose his house. *See* 18 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedures* § 4423 (2d ed. 2005) ("The most general independent concern reflected in the limitation of issue preclusion by the full and fair opportunity requirement goes to the incentive to litigate vigorously in the first action.").

In short, Rice had the opportunity to fully and fairly litigate whether the tax foreclosure proceeding complied with due process.

C. Defendants Use Preclusion Defensively, Therefore Mutuality Is Not Required

The final requirement is that the same litigants be parties in both proceedings and that there be mutuality of estoppel—i.e., both parties must be bound by the prior judgment. Michigan Courts have abandoned this requirement, however, when a defendant argues that a plaintiff has already had a full and fair opportunity to litigate the disputed issue. *Monat,* 469 Mich. at 695 ("[W]e hold that, where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required.").

In this case, the defendants argue that Rice already had the chance to fully litigate this issue during the prior proceeding. Thus, he should not be able to sue them for violating

his constitutional rights when a court has already said that the tax foreclosure was consistent with due process. Accordingly, because the defendants are using estoppel defensively, it does not matter that they were not parties to the first proceeding and would not be bound by the state court's judgment.

## CONCLUSION

The Court will dismiss the constitutional claims because they were fully litigated and finally resolved during the state court proceeding. Because the Court is dismissing the federal claims, the remaining state law claims are dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss (document no. 27) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the objections (document no. 48) are **OVERRULED** to the extent consistent with this opinion.

**IT IS FURTHER ORDERED** that the motion to extend (document no. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (document no. 45) is **ADOPTED** to the extent consistent with this opinion.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 27, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or

11

counsel of record on September 27, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager